UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Trustees of the
LABORERS PENSION TRUST FUND -
DETROIT & VICINITY; LABORERS
VACATION & HOLIDAY TRUST
FUND - DETROIT & VICINITY; LABORERS
METROPOLITAN DETROIT HEALTH &
WELFARE FUND; and the MICHIGAN
LABORERS TRAINING FUND, trust funds
established under, and administered pursuant
to, federal law, and LOCAL UNION 1076,
LABORERS INTERNATIONAL UNION
OF NORTH AMERICAN, AFL-CIO AND
CERTAIN OF ITS INDIVIDUAL MEMBERS
CONSISTING OF: DRAKE JAMES, RANDALL
SCHULTZ, KURTIS MYERS, RUSSELL
RICHMOND, ZACK ROTARIOUS, TERREL
WEATHERS, THOMAS AUSTON, DAVID
MCKENZIE, ROBERT ARNOLD, TREI
MASON, AND DANIEL J. AVIS,

Case No. 20-_____

Hon. _____

        Plaintiffs,

v.

RED STAR CONSTRUCTION GROUP, LLC,
a Delaware limited liability company; and
DARKO MARTINOVSKI, an individual,
jointly and severally,

        Defendants.
_____/

03254020 v1

1

## COMPLAINT

The above-named plaintiffs, by their attorneys, complaining against the above-named defendants, respectfully show unto this Court as follows:

1. Plaintiffs, Trustees of the Laborers Pension Trust Fund-Detroit & Vicinity; Laborers Vacation & Holiday Trust Fund-Detroit & Vicinity; Laborers Metropolitan Detroit Health & Welfare Fund; and the Michigan Laborers Training Fund, (hereinafter collectively referred to as the "Funds") are the trustees of trust funds established under, and administered pursuant to, Section 302 of the Labor-Management Relations Act of 1947, as amended (hereinafter "LMRA"), 29 U.S.C. §186, and the Employee Retirement Income Security Act of 1974, as amended (hereinafter "ERISA"), 29 U.S.C. §1001, *et seq*, with principal offices located in this judicial district.

2. Plaintiff, Local Union 1076, Laborers International Union of North America, AFL-CIO, (hereinafter "Local 1076"), is an unincorporated labor organization representing the employees of Defendants in an industry affecting commerce within the meaning of 29 USC Sections 142 and 185. Its principal office is located in the City of Pontiac, Oakland County, Michigan. Local 1076 is

03254020 v1

2

the representative unit of employees employed by Defendants within the State of Michigan.

3. Plaintiffs, Drake James, Randall Schultz, Kurtis Myers, Russell Richmond, Zack Rotarious, Terrel Weathers, Thomas Auston, David McKenzie, Robert Arnold, Trei Mason, and Daniel J. Avis (collectively, the "Workers") are certain individual members of Local 1076 and were formerly engaged or employed by Defendant Red Star Construction Group, LLC ("Red Star").

4. Red Star is a limited liability company, organized under the laws of the State of Delaware, certified to do business in the State of Michigan, which does business in this judicial district and in the building construction industry, an industry affecting commerce within the meaning of LMRA, 29 USC §1002(5) and (12).

5. Defendant Darko Martinovski ("Martinovski") is an individual and owner, officer, director, manager and/or member of Red Star.

6. Insofar as Counts I and II of this Complaint are concerned, jurisdiction of this Court is predicated on Section 301 of LMRA, 29 U.S.C. §185, and Sections 502(a)(3), 502(g)(2) and 515 of ERISA, 29 U.S.C. §§1132(a)(3), 1132(g)(2) and 1145, respectively, this being a suit for breach of the wage and fringe benefit

03254020 v1

3

provisions of collective bargaining agreements which Red Star and Martinovski, as employers, entered into with Local 1076. Insofar as Counts III and IV of this Complaint are concerned, jurisdiction is predicated on 28 U.S.C. §1367(a) which permits the Court to exercise supplemental jurisdiction over state law claims that form part of the same case and controversy as those over which it has original jurisdiction.

7. Pursuant to the aforementioned collective bargaining agreements, copies of which are in its possession, Red Star was, and is, obligated to pay wages to its employees and to make contributions for fringe benefits (*e.g.*, medical coverage for eligible participant employees and their families, pensions, vacation and holiday pay, and annuity benefits) for, or with respect to, work performed by those of its employees who were represented by Local 1076, which wages should have been paid directly to its employees and which contributions should have been paid directly to the Funds.

8. Pursuant to ERISA, 29 U.S.C. §1059(a), and the collective bargaining agreements and trust agreements incorporated by reference therein, Red Star is obligated to maintain records sufficient to determine the benefits due, or which may become due, to its employees represented by the Laborers Union via contributions

to the Funds, and to submit to periodic audits by the Funds of its books and records to confirm the accuracy and timeliness of such contributions to the Funds.

### COUNT I - FAILURE TO PAY FRINGE BENEFITS
### (as to Defendant Red Star)

9. Paragraphs 1 through 8 above are incorporated herein by reference.

10. Red Star has, in violation of its contractual obligations, failed to pay all of the fringe benefit contributions it has been obligated to pay.

11. Despite demand, a copy of which is attached hereto as **Exhibit A**, Red Star has failed to produce the books and records the Funds have requested to conduct an audit for the period from the work month of June, 2019 through the present.

12. The amount of Red Star's indebtedness for the audit period is unknown and cannot be ascertained until it submits its books and records for an audit.

### COUNT II - FAILURE TO PAY WAGES
### (as to Defendant Red Star)

13. Paragraphs 1 through 12 above are incorporated herein by reference.

14. Red Star has not paid on a timely basis all of the wages it was required to pay and, as a consequence, Local 1076 filed a grievance against it on April 7,

03254020 v1

2020 pursuant to Article X, Section 1 of the collective bargaining agreement. A copy of said grievance is attached hereto as **Exhibit B** and is made a part hereof by reference.

15. Local 1076 and Red Star were unable to resolve the grievance and so Local 1076 referred the matter to the Labor Relationship Committee for resolution pursuant to Article X, Section 6 of the collective bargaining agreement. The Labor Relationship Committee was unable to reach a decision.

16. Pursuant to Article IV(7) of the collective bargaining agreement, "[t]he violation of rates of pay, overtime pay, and/or fringes shall not be considered as subject to arbitration."

## COUNT III – VIOLATION OF MICHIGAN BUILDING CONTRACT FUND ACT
### (as to Defendants Red Star and Martinovski

17. Paragraphs 1 through 16 above are incorporated herein by reference.

18. Red Star conducted business in the building construction industry within the meaning of the Michigan Building Contract Fund Act, MCL 570.151, *et seq.* (hereinafter, the "Trust Fund Act").

03254020 v1

19. Red Star and Martinovski, in connection with his operation of Red Star, received payments for the work Red Star performed, through the individual laborers it employed, on various construction projects in the State of Michigan.

20. Pursuant to the Trust Fund Act, any such payments received by Red Star and Martinovski were deemed to be held in trust by them as trustees for the benefit of, among others, the individual laborers that Red Star engaged or employed.

21. The funds that were held in trust by Red Star and Martinovski, in their fiduciary capacities under the Trust Fund Act, included the contributions that Red Star and Martinovski were required to pay to the Funds, and the wages they were required to pay to the individual laborers that Red Star engaged or employed.

22. Red Star, as a contractor in the State of Michigan, and Martinovski, in connection with his operation of Red Star, knew, or had reason to know, of their obligations under the Trust Fund Act.

23. As contractors subject to the Trust Fund Act, Red Star and Martinovski, in connection with his operation of Red Star, knew, or had reason to know, of their fiduciary obligations under the Trust Fund Act to pay the fringe benefit contributions and wages they held in trust.

24. Red Star and Martinovski either intentionally or recklessly disregarded their fiduciary obligations under the Trust Fund Act.

25. Upon information and belief, in violation of the Trust Fund Act, Red Star and Martinovski retained, used or appropriated said payments received for purposes other than to pay the fringe benefit contributions and wages accrued by the individual laborers.

26. Upon information and belief, Red Star and Martinovski appropriated monies (contract proceeds) paid to Red Star for general business operations, office overhead, administrative expenses, vehicle expenses and/or for Martinovski's own personal use before payment of all fringe benefit contributions and wages due, or to become due to the Funds and the individual laborers in violation of Mich. Comp. Laws Ann. 570.151, *et seq.*, and specifically 570.153.

### COUNT IV – FAILURE TO PAY AMOUNT OF DISHONORED CHECK (MCL 600.2952) (as to Defendants Red Star and Martinovski)

27. Paragraphs 1 through 26 above are incorporated herein by reference.

28. Red Star and Martinovski knowingly, willingly, and intentionally issued payroll checks to the Workers on closed bank accounts or on accounts without sufficient funds.

29. The Workers received payroll checks from Red Star and Martinovski that were dishonored, or paid on either a closed bank account or an account without sufficient funds.

30.     Red Star and Martinovski have not made payment on any of the dishonored checks.

WHEREFORE, Plaintiffs pray that this Court enter judgment in their favor:

A.     Ordering Defendant Red Star to specifically perform according to the provisions of its collective bargaining agreements;

B.     Ordering Defendants Red Star and Martinovski to submit to the Funds any and all books and records (without any limitation whatsoever) needed by the Funds to determine the amount of their indebtedness for wages and fringe benefit contributions for the period requested;

C.     Awarding Plaintiffs all amounts such audit reveals as owed by Defendants Red Star and Martinovski to the Funds and to the employees represented by Local 1076 as wages;

D.     Awarding Plaintiffs all costs, interest, and attorneys' fees incurred in bringing and prosecuting this present action pursuant to Section 502(g)(2) of ERISA, 29 USC §1132(g)(2) and Section 301 of the Labor-Management Relations Act, of 1947, as amended ("LMRA"), 29 U.S.C. §185;

E.     Awarding Plaintiffs all of the fringe benefit contributions and wages that Defendants Red Star and Matinovski failed to pay in violation of the Michigan Building Contract Fund Act, MCL 570.151, *et seq.*;

03254020 v1

9

F.   Awarding all amounts resulting from the dishonored checks issued by Defendants Red Star and Martinovski, and reasonable attorney fees and costs of the action, and any and all further damages as recoverable under applicable law; and

G.   Granting Plaintiffs any and all other relief (including injunctive and equitable relief) to which Plaintiffs might be entitled in equity and good conscience.

Respectfully submitted,

MADDIN HAUSER ROTH & HELLER, P.C.

  */s/ Craig E. Zucker*
Craig E. Zucker (P39907)
David M. Eisenberg (P68678)
28400 Northwestern Hwy., 2nd Floor
Southfield, MI 48034
(248) 354-4030
czucker@maddinhauser.com
deisenberg@maddinhauser.com

-and-

WATKINS, PAWLICK, CALATI & PRIFTI, PC
George H. Kruszewski (P25857)
1423 E. Twelve Mile Road
Madison Heights, MI 48071
(248) 658-0807
gkruszewski@wpcplaw.com

*Attorneys for Plaintiffs*

DATED:   April 29, 2020

03254020 v1

10