UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Trustees of the
LABORERS PENSION TRUST FUND -
DETROIT & VICINITY, *et al*,

      Plaintiffs,

v.

RED STAR CONSTRUCTION GROUP, LLC,
a Delaware limited liability company; and
DARKO MARTINOVSKI, an individual,
jointly and severally,

      Defendants.
_____/

Case No. 2:20-cv-11052

Hon. Laurie J. Michelson

### DEFAULT JUDGMENT IN FAVOR OF PLAINTIFFS AND AGAINST DEFENDANTS RED STAR CONSTRUCTION GROUP, LLC AND DARKO MARTINOVSKI, <u>INDIVIDUALLY, JOINTLY AND SEVERALLY</u>

THIS MATTER is before the Court upon Plaintiffs' *Motion for Entry of Default Judgment in Favor of Plaintiffs and Against Defendants Red Star Construction Group, LLC and Darko Martinovski, Individually, Jointly and Severally* (the "Motion") [Docket No. 11]. The Court has reviewed the Motion, the attached Affidavit as to Military Service as to Defendants and Affidavit of William Bass in Support of Default Judgment, and finds as follows:

  A.  Plaintiffs filed their Complaint (the "Complaint") against Defendants, Red Star Construction Group, LLC, a Delaware limited liability company ("Red Star") and Darko Martinovski, individually ("Martinovski") on April 29, 2020 [ECF No. 1].

  B.  The Complaint was properly served on Red Star on May 17, 2020 [*see,* ECF No. 5]. Accordingly, Red Star was required to respond to the Complaint on or before June 8, 2020.

1

Red Star failed to respond or otherwise answer or defend this matter and a Clerk's Entry of Default was entered against it on June 9, 2020 [ECF No. 9].

  C. The Complaint was properly served on Martinovski on May 16, 2020 [*see,* ECF No. 6]. Accordingly, Martinovski was required to respond to the Complaint on or before June 7, 2020. Martinovski failed to respond or otherwise answer or defend this matter and Clerk's Entry of Default was entered against him on June 9, 2020 [ECF No. 10].

  D. By virtue of the Defendants Defaults and their failure to respond to the Complaint, Defendants are deemed to have admitted the allegations in the Complaint, which allegations sufficiently set forth and make plausible each element of the claims asserted by Plaintiffs against Defendants in the Complaint. [*See* ECF No. 1.]

  E. This Court has subject matter jurisdiction over this matter as to Counts I and II of the Complaint pursuant to Section 301 of LMRA, 29 U.S.C. §185, and Sections 502(a)(3), 502(g)(2) and 515 of ERISA, 29 U.S.C. §§1132(a)(3), 1132(g)(2) and 1145, this being a suit for breach of a certain collective bargaining agreement entered into and or adopted by and between Defendant Red Star and the Laborers Local Union 1076.

  F. This Court has subject matter jurisdiction over this matter as to Counts III and IV pursuant to 28 U.S.C. §1367(a).

  G. This Court has personal jurisdiction over Defendant Martinovski pursuant to Fed. R. Civ. P. 4 and M.C.L.A. 600.701, as Defendant Martinovski was served with the Complaint in the State of Michigan (*see,* Docket No. 6), resides within the State of Michigan and within this Judicial District, and conducts business in the State of Michigan and within this Judicial District.

  H. This Court has personal jurisdiction over Defendant Red Star pursuant to Fed. R. Civ. P. 4 and M.C.L.A. 600.711 and 600.715, as Defendant Red Star is certified to do business in

the State of Michigan, does business in the State of Michigan, and the construction projects on which Plaintiffs' claims arose took place in the State of Michigan and within this Judicial District.

The Court is otherwise fully advised in the premises. Therefore, on Plaintiffs' Motion, judgment is entered against Defendants Red Star Construction Group, LLC., a Michigan Limited Liability Company and Darko Martinovski, and in favor of Plaintiffs, as follows:

IT IS ORDERED AND ADJUDGED THAT:

1. Plaintiffs shall have Judgment against Defendant Red Star on Counts I and II of Plaintiffs' Complaint.

2. Plaintiffs shall have Judgment against Defendants Red Star and Martinovksi, jointly and severally, on Counts III and IV of Plaintiffs Complaint.

3. Plaintiffs shall have Judgment against Defendants Red Star and Martinovski, jointly and severally, in the amount of $12,230.65[1], which is the known indebtedness for unpaid wages of Defendant Red Star's employees who are represented by Plaintiff Local Union 1076, Laborers International Union of North America, AFL-CIO.

4. Post-judgment interest will accrue on the amount set forth in paragraph 3 above from and after entry of judgment as provided for in 18 U.S.C. § 1961 and Plaintiffs shall have full and immediate rights of execution hereon.

5. Defendants Red Star and Martinovski shall, within fifteen (15) days of entry of this Judgment, submit to Plaintiffs for inspection and audit any and all books and records needed

---

[1] The amount of $12,230.65 is the amount of unpaid wages accrued during the time period February 2020 through April 2020 only, and represents 402 hours straight time totaling ($25.83 x 402 = $10,383.66), 29 hours at time and a half ($38.75 x 29 = $1,123.75), and 14 hours at double time ($51.66 x 14 = $723.24), for a total of $12,230.65 in unpaid wages.

by Plaintiffs to determine the amount of their indebtedness for unpaid wages and fringe benefit contributions for the requested time period.

6. Plaintiffs are awarded the sum set forth in paragraph 3 above plus reasonable costs and attorneys' fees incurred by Plaintiffs in the prosecution of this matter pursuant to 19 U.S.C. § 1132(g)(2). Plaintiffs are hereby granted leave to file a Motion for Amended Judgment against Defendants Red Star and Martinovski following the audit, which shall be accompanied by an affidavit of Plaintiffs' counsel setting out all amounts determined to be due pursuant to the provisions of this Judgment.

7. This Court shall retain jurisdiction to enforce the terms of this Judgment as well as any Amended Judgment, including, but not limited to, any and all post-judgment collection actions or proceedings required by Plaintiffs to collect or otherwise enforce this Judgment or any Amended Judgment which is entered by the Court pursuant to the terms stated herein. This retention of jurisdiction shall not, however, act to deprive any other court which has concurrent jurisdiction herewith, of jurisdiction to enforce the terms of this Judgment.

8. A copy of this Judgment must be served on Defendants and Plaintiff is to docket the corresponding certificate of service.

SO ORDERED.

Dated: October 21, 2020

                                                s/Laurie J. Michelson
                                                LAURIE J. MICHELSON
                                                UNITED STATES DISTRICT JUDGE